

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STATE OF COMMONWEALTH
OF VIRGINIA,

    Plaintiff,

v.                                                         ACTION NO. 2:18cv535

FEDERAL DEMOCRATIC REPUBLIC
OF ETHIOPIA, *et al.*,[1]

    Defendants.

## DISMISSAL ORDER

I. *In Forma Pauperis* ("IFP") Issues

On October 5, 2018, the Court received an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" ("Short Form IFP Application"), along with a proposed Notice of Removal, and a proposed document titled, "Notice of Petition; and, Verified Petition for Warrant of Removal" ("Petition"). Short Form IFP Appl., ECF No. 1. The documents appeared to be submitted by an individual named Daniel Maurice Allen, without the assistance of counsel (*i.e.*, on a *pro se* basis).

On November 9, 2018, the Court issued an Order in which it explained that after reviewing the documents submitted, "the Court is left with several questions that must be addressed before this action can proceed." Order at 1, ECF No. 2. First, the Court explained

---

[1] As set forth herein, the documents received by the Court contain lengthy and confusing descriptions of the intended parties. The case caption of this Dismissal Order includes a truncated version of the party names.

that it was "unclear . . . who [was] seeking authorization to proceed IFP in this action."[2] *Id.* Next, the Court stated that "[i]t appears that the intent behind this action is to remove a number of state court actions to this Court." *Id.* at 2. The state court cases involved "traffic-related violations allegedly committed by Daniel Maurice Allen." *Id.* at 2-3 (citing the proposed Notice of Removal and Portsmouth General District Court Case Nos. GT18005280-00, GT18005281-00, GT18005282-00, GT18005283-00, GT18005284-00, GT18005285-00). The Court explained:

> To the extent Daniel Maurice Allen seeks to remove actions filed against him in state court to this Court, Daniel Maurice Allen would be proceeding as the Defendant, and he must first either (i) submit the requisite filing fees or (ii) request authorization, on his own behalf, to proceed IFP.

*Id.* at 3. The Court further explained that (i) the Short Form IFP Application did "not adequately identify the party who [was] requesting IFP status," and (ii) even assuming Daniel Maurice Allen was the party requesting IFP status, the Short Form IFP Application did not provide "sufficient

---

[2] The Court noted that the Short Form IFP Application identified the "Plaintiff" as "Federal Democratic Republic of Ethiopia Abroad the Federation c/o Daniel-M:Allen Executive," the "Applicant" as "Executive: Daniel-M: Allen," and the "Defendant" as "Portsmouth City Commonwealth of Virginia." Order at 1-2, ECF No. 2 (citing Short Form IFP Appl. at 1-2). The proposed Notice of Removal identified the "Plaintiff" as "**STATE OF COMMONWEALTH OF VIRGINIA MUNICIPALFOREGIN GOVERNMENT**, The United States INC. and all its municipal franchises, all incorporated entities (called legal fictions), C-Crops S Corps, LLCs, Trust, Foundations ad infinitum, Is in chapter 7 Liquidation since 2015." *Id.* at 2 (citing the proposed Notice of Removal without correcting errors). The "Defendant" was identified as "Federal democratic republic of Ethiopia, abroad 'the federation' Harare Governor Ethiopia Orthodox Tewahedo Church, **Officer Daniel - M; Allen /Assistance Legalcounsel/Ethiopian Law and order 621/2009**, James Clinton Belcher, Head of State United states of America, Unincorpotated/ Anna Maria Riezinger, Fiduciary two High contracting parties in the United States of America.../Ethiopia." *Id* (citing the proposed Notice of Removal without correcting errors). The proposed Petition also included the "STATE OF OREGON (INC.)" and "JOHN MICHEAL SMITH (INC.)" as named "Plaintiffs" in this action. *Id.* (citing the proposed Petition).

2

detail to allow the Court to determine whether Daniel Maurice Allen [was] entitled to IFP status."

*Id.* As a result, the Court denied the Short Form IFP Application, and stated:

> If this action is to be considered by the Court, the party seeking to initiate this action is **DIRECTED** to either (i) remit the $350.00 filing fee and $50.00 administrative fee, or (ii) complete the attached Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), and include therein a clear explanation as to the name of the party requesting IFP status.

*Id.*

On December 7, 2018, the Court received an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Long Form IFP Application") from Daniel Maurice Allen. Long Form IFP Appl., ECF No. 3. The Long Form IFP Application identifies the "Plaintiff" as "Exc – Officer Daniel-Maurice: Allen c/o The Federal Democratic Republic of Ethiopia Abroad Federation." *Id.* at 1. Although the Long Form IFP Application does not resolve all of the Court's previously raised questions regarding party identification, it appears to the Court that Daniel Maurice Allen is the party who seeks authorization to proceed IFP in this action. *Id.* at 7 (stating that "therefor[e] I request Authorization, on my own behalf to proceed IFP," and noting that the "IFP Application is included for the sufficient detail to allow the Court to determine whether Daniel-Maurice: Allen is entitled IFP status"). Based on a review of the Long Form IFP Application, the Court is satisfied that Daniel Maurice Allen qualifies for IFP status. Accordingly, the Long Form IFP Application, ECF No. 3, is **GRANTED**, and the Clerk is **DIRECTED** to file the Notice of Removal and Petition. However, for the reasons set forth below, this action is **DISMISSED** without prejudice.

II. <u>Removal Issues</u>

As noted above, the Court explained in its November 9, 2018 Order that "[i]t appears that the intent behind this action is to remove a number of state court actions to this Court." Order

at 2, ECF No. 2. The Notice of Removal specifically refers to six state court cases from the Portsmouth General District Court (Case Nos. GT18005280-00, GT18005281-00, GT18005282-00, GT18005283-00, GT18005284-00, and GT18005285-00) that involve traffic-related violations allegedly committed by Daniel Maurice Allen. *Id.* at 2-3; *see also* Notice Removal at 1; Petition at 1. Statements made by Daniel Maurice Allen in his Long Form IFP Application confirm this intent. Long Form IFP Appl. at 7 (confirming that "[t]he intent behind this action is to remove a number of state court actions to this court," and noting that the state court actions "involve traffic-related violations allegedly committed by Exc. Daniel-Maurice:Allen").

Based on a review of publicly available information, it is clear to the Court that the Portsmouth General District Court resolved all of the cases referenced above before Daniel Maurice Allen initiated this action. *See* Virginia Court Case Information website at http://www.courts.state.va.us/caseinfo/home.html. Following a trial in the Portsmouth General District Court on June 28, 2018, Daniel Maurice Allen was found guilty of three charges – driving without a license (Case No. GT18005280-00), speeding (Case No. GT18005283-00), and improper display of plates (Case No. GT18005285-00) – and found not guilty of three charges – obstructing justice/resisting arrest (Case No. GT18005281-00), failing to obtain registration/title (Case No. GT18005282-00), and operating an uninsured motor vehicle (Case No. GT18005284-00). *Id.*

Courts have explained that "[f]undamental to the right of removal is the requirement that there be a case to remove." *Colo. ex rel. Brown v. Dist. Dir.*, No. 01-D-1625, 2002 U.S. Dist. LEXIS 15884, at *2 (D. Colo. July 12, 2002) (citing *MHM Sponsors Co. v. Permanent Mission of Pak. to United Nations*, 672 F. Supp. 752, 753 (S.D.N.Y. 1987)) (dismissing a *pro se*

plaintiff's removed case because it was based on a state court action that was dismissed prior to its removal); *see also* 28 U.S.C. § 1443. "There is generally no jurisdiction to remove a closed case because no case or controversy exists when a case is closed." *Colo. ex rel. Brown*, 2002 U.S. Dist. LEXIS 15884, at *2; *see also Reeves v. Wells Fargo Bank, N.A.*, No. EP-15-CV-300-KC, 2015 U.S. Dist. LEXIS 143859, at *4-5 (W.D. Tex. Oct. 22, 2015) (noting that "a defendant may not attempt to remove a state court case once it has been closed"). Rule 12(h)(3) of the Federal Rules of Civil Procedure explains that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011); *Whitaker v. Evans*, No. 2:06cv582, 2007 U.S. Dist. LEXIS 6903, at *7-8 (E.D. Va. Jan. 30, 2007). Because the Portsmouth General District Court resolved Case Nos. GT18005280-00, GT18005281-00, GT18005282-00, GT18005283-00, GT18005284-00, and GT18005285-00 before Daniel Maurice Allen initiated this action, the Court lacks subject matter jurisdiction over these cases, and they cannot be removed to this Court.

The Court notes that Daniel Maurice Allen appealed his guilty convictions in Case Nos. GT18005280-00, GT18005283-00, and GT18005285-00 to the Portsmouth Circuit Court. *See* Virginia Court Case Information website at http://www.courts.state.va.us/caseinfo/home.html. The three appeals were dismissed following a trial in the Portsmouth Circuit Court on December 7, 2018. *Id.* The Notice of Removal and Petition filed in this action make no mention of the three appeals to the Portsmouth Circuit Court, and only refer to the six cases from the Portsmouth General District Court that were resolved prior to the initiation of this action, and over which this Court lacks jurisdiction. However, to the extent Daniel Maurice Allen intended to remove the Portsmouth Circuit Court cases to this Court, the Court finds that such removal

would also be improper. The Notice of Removal and Petition are difficult to decipher; however, they appear to seek removal pursuant to 28 U.S.C. §§ 1442,[3] 1443, and 1446. Notice Removal at 1-2; Petition at 2-3. Section 1442 authorizes the removal of:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following . . .
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a). Section 1442 also authorizes the removal of a "personal action" filed in state court "by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State wherein jurisdiction is obtained by the State court by personal service of process." 28 U.S.C. § 1442(b). Section 1442 does not apply to the facts at hand.

---

[3] The Court notes that the Notice of Removal refers to "28 U.S. Code § 1422 – Federal officers or agencies sued or [p]rosecuted." Notice Removal at 1. It is clear to the Court that the reference to "§ 1422" is an error because (i) no such statute exists, and (ii) the section of the United States Code that provides for the removal of cases involving "[f]ederal officers or agencies sued or prosecuted" is 28 U.S.C. § 1442. 28 U.S.C. § 1422. The Petition corrects this error. Petition at 2-3.

Section 1443 authorizes the removal of a state court civil action or criminal prosecution under certain limited circumstances. For a criminal prosecution to be properly removed under § 1443, it must be established that (i) the state court criminal prosecution involves a civil rights law involving racial equality, and (ii) the party has been "denied or cannot enforce" the specified federal rights "in the courts of [the] State." 28 U.S.C. § 1443; *see also Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Magnum v. Child Abuse Prevention Ass'n*, 358 F. Supp. 2d 492, 496 (D.S.C. 2005). Here, the Notice of Removal and Petition do not establish these requirements.

Section 1446 provides the procedural requirements necessary for the removal of *civil* actions. 28 U.S.C. § 1446. Because the state court cases at issue in this action are not civil actions, § 1446 is inapplicable.

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over Case Nos. GT18005280-00, GT18005281-00, GT18005282-00, GT18005283-00, GT18005284-00, and GT18005285-00 because the Portsmouth General District Court resolved these cases prior to the initiation of this action. As such, these cases cannot be removed to this Court. To the extent Daniel Maurice Allen intended to remove the three Portsmouth Circuit Court cases (in which he appealed his convictions in the Portsmouth General District Court) to this Court, the Court finds no statutory basis for such removal. Accordingly, this action is hereby **DISMISSED**.

### III. Conclusion

For the reasons set forth above, the Long Form IFP Application, ECF No. 3, is **GRANTED**, the Clerk is **DIRECTED** to file the Notice of Removal and Petition, and this action is hereby **DISMISSED**.

Daniel Maurice Allen may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days from the date of the entry of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Daniel Maurice Allen at 929 Portsmouth Blvd., Portsmouth, Virginia 23704, and the Portsmouth General District Court.

IT IS SO **ORDERED**.

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 28, 2019